UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN FRANCISCO,<br><br>　　　　Defendant. | Case No. 19-cv-03419-PJH<br><br>**ORDER DENYING RELIEF FROM JUDGMENT**<br><br>Re: Dkt. No. 25 |

　　　　On June 10, 2019, pro se plaintiff Jimmy Lee Davis filed a complaint and motion to proceed in forma pauperis ("IFP"). Dkts. 1, 2. On July 3, 2019, Magistrate Judge Spero granted plaintiff's motion to proceed IFP (Dkt. 5) and on July 10, 2019, issued a report and recommendation finding many of plaintiff's claims to be delusional and the complaint failed to state a cause of action. Dkt. 6. This court adopted Judge Spero's report and recommendation on August 13, 2019 and dismissed plaintiff's complaint with leave to amend. Dkt. 15.

　　　　On August 22, 2019, plaintiff filed an amended complaint, naming the City of San Francisco as the sole defendant. Dkt. 17. On December 13, 2019, the court determined that the claims made in the amended complaint were duplicative of his original complaint and were frivolous for the same reasons. Dkt. 23. The court determined that further amendment would be futile and dismissed plaintiff's claims with prejudice. Id. The court also entered judgment on the same day. Dkt. 24.

　　　　Plaintiff's current filing is a rambling, partially delusional letter to the court describing, among other things, that Mayor London Breed and her son stole plaintiff's

1  social security benefits and the FBI and the Jewish Defamation League "have
2  endeavored to murder plaintiff." Dkt. 25 at 1–2.  Plaintiff's letter is also replete with
3  obscenities and otherwise inappropriate language.  At the end of the letter, plaintiff
4  requests an order to show cause why an "equitable decree" has not been issued.  Id. at
5  5.

6       Because he is proceeding pro se, the court interprets plaintiff's filing as a motion to
7  vacate judgment pursuant to Federal Rule of Civil Procedure 60(b).  "Rule 60(b) allows a
8  party to seek relief from a final judgment, and request reopening of his case, under a
9  limited set of circumstances including fraud, mistake, and newly discovered evidence."
10 Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  Under Rule 60(b), "the court may relieve
11 a party . . . from a final judgment, order, or proceeding for the following reasons:  (1)
12 mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
13 that, with reasonable diligence, could not have been discovered in time to move for a new
14 trial under Rule 59(b); (3) fraud, . . . misrepresentation, or misconduct by an opposing
15 party; (4) the judgment is void; (5) the judgment has been satisfied, released, or
16 discharged; it is based on an earlier judgment that has been reversed or vacated; or
17 applying it prospectively is no longer equitable; or (6) any other reason that justifies
18 relief." Fed. R. Civ. P. 60(b).  The Ninth Circuit has "cautioned against the use of
19 provisions of Rule 60(b) to circumvent the strong public interest in [the] timeliness and
20 finality of judgments." Phelps v. Alameida, 569 F.3d 1120, 1135 (9th Cir. 2009)
21 (alteration in original) (quoting Flores v. Arizona, 516 F.3d 1140, 1163 (9th Cir. 2008),
22 rev'd on other grounds sub nom. Horne v. Flores, 557 U.S. 433 (2009)).

23      Here, plaintiff offers no cognizable reason in support of his motion to vacate or
24 amend judgment.  Plaintiff's filings continue to repeat his delusional and frivolous
25 allegations.  This case was dismissed because plaintiff failed to pay the filing fee and
26 failed the screening requirements of 28 U.S.C. § 1915(e)(2)(B)—reasons the plaintiff has
27 not cured in his current filing.
28 / / /

Thus, plaintiff has articulated no basis for vacating, altering, or amending the judgment.  The motion is DENIED.  The court will entertain no further motions in this case.

**IT IS SO ORDERED.**

Dated: May 11, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge